lUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

THOMAS GOODSON,

                      Plaintiff,                  9:09-CV-0494
                                                                        (GTS/DRH)
v.

DALE ARTUS, Superintendent, Clinton Corr.
Facility; "JOHN" MENARD, Sergeant, Clinton
Corr. Facility; "JOHN" SILVER, Sergeant, Clinton
Corr. Facility; "JOHN" RENADETTE, Corr.
Officer, Clinton Corr. Facility; and "JOHN DOE,"
Corr. Officer, Clinton Corr. Facility,

                      Defendants.
───────────────────────────────────────────

APPEARANCES:                                      OF COUNSEL:

THOMAS GOODSON, 90-T-1254
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN                MEGAN M. BROWN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Thomas

Goodson ("Plaintiff") against the five above-captioned New York State correctional employees

("Defendants"), are the following: (1) Defendants' for summary judgment;[1] (2) United States

Magistrate Judge David R. Homer's Report-Recommendation recommending Defendants motion

---

[1]     Defendant Silver has not joined Defendants in this motion.  (Dkt. No. 43; Dkt. No. 46, at 17, n.9.)

be granted in part and denied in part; and (3) Defendant Renadette's Objection to the Report-Recommendation. (Dkt. Nos. 43, 46, 48.) For the reasons set forth below, Magistrate Judge Homer's Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted in part and denied in part; and all of Plaintiff's claims are dismissed, except for his Eighth Amendment claims and his conspiracy claims against Defendants Renadette and Silver.

I.      RELEVANT BACKGROUND

    A.      Plaintiff's Complaint

Construed with the utmost of special liberality, Plaintiff's Complaint alleges that on April 4, 2006, at Clinton Correctional Facility, the five above-captioned Defendants violated his constitutional rights in the following manner: (1) Defendant Menard threatened Plaintiff with bodily harm if he ever again exposed himself to a correctional facility nurse practitioner passing by his cell (as he was alleged to have done earlier that day, while he was using the toilet), in violation of the Eighth Amendment; (2) Defendant Silver sexually assaulted Plaintiff in a bathroom while escorting him to a physical therapy appointment, in violation of the Eighth Amendment; (3) Defendant "John Doe" sexually assaulted and/or failed to protect Plaintiff from the alleged sexual assault, by assisting Defendant Silver during the sexual assault; (4) Defendant Renadette failed to protect Plaintiff from the alleged sexual assault, by knowing of Defendant Menard's physical threat against Plaintiff, by having reason to know that Defendant Silver intended to harm Plaintiff, but failing to accompany Plaintiff into the bathroom during his transport to physical therapy, in violation of the Eighth Amendment; and (5) Defendant Artus failed to properly supervise Defendants. (*See generally* Dkt. No. 1.) Plaintiff also asserts a conspiracy claim against all Defendants, under 42 U.S.C. § 1983, arising from the above-described events. (*Id*.) Finally, Plaintiff asserts various state law claims against Defendants, arising from the alleged sexual assault. (*Id*.)

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite in detail the remaining factual allegations giving rise to these claims, but will refer the reader to the Complaint in its entirety, as well as Magistrate Judge Homer's Report-Recommendation, which accurately summarizes those factual allegations. (Dkt. Nos. 1, 46.) As a result of these alleged violations, Plaintiff seeks injunctive and monetary relief. (Dkt. No. 1.)

### B. Parties' Briefing on Defendants' Motion for Summary Judgment

Generally, in their motion for summary judgment, Defendants assert the following five arguments: (1) Plaintiff has failed to allege facts plausibly suggesting, and/or adduce admissible record evidence establishing, the personal involvement of Defendants Menard, Renadette, and Artus in the underlying constitutional violations; (2) the Court does not possess subject-matter jurisdiction over Plaintiff's state law claims based on New York Correction Law § 24 and the doctrine of standing; (3) Plaintiff has failed to allege facts plausibly suggesting, and/or adduce admissible record evidence establishing, a claim for conspiracy under 42 U.S.C. § 1983; (4) because Plaintiff has failed to name or serve Defendant "John Doe," that Defendant should be dismissed from the action without prejudice; and (5) based on the current record, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 43.)

Liberally construed, Plaintiff's response to Defendants' motion asserts the following three arguments: (1) Plaintiff has alleged facts plausibly suggesting a 42 U.S.C. § 1983 conspiracy claim; (2) based on the current record, genuine disputes of material fact exist precluding summary judgment on Plaintiff's Eighth Amendment claims and 42 U.S.C. § 1983 conspiracy claims; and (3) based on the current record, a genuine dispute of material fact exists as to whether Defendants are protected from liability by the doctrine of qualified immunity. (Dkt. No. 45.)

### C.     Magistrate Judge Homer's Report-Recommendation

Generally, Magistrate Judge Homer's Report-Recommendation recommends that Defendants' motion for summary judgment be granted essentially for the reasons stated by Defendants, except with regard to Plaintiff's Eighth Amendment claim and 42 U.S.C. § 1983 conspiracy claim against Defendant Renadette. (*See generally* Dkt. No. 46.)  With regard to those claims against Defendant Renadette, Magistrate Judge Homer concluded that genuine disputes of material fact exist due to Plaintiff's assertions that (1) Defendant Renadette left Plaintiff alone with Defendant Silver shortly before Defendant Silver sexually assaulted Plaintiff, then resumed escorting Plaintiff after the assault, and (2) Defendant Renadette subsequently told Defendant Menard that Plaintiff had had two therapy sessions that day, one with physical therapy and one with Defendant Silver (indicating that Defendant Renadette knew of Defendant Silver's "proclivity to act outside the scope of his professional duties"). (*Id*. at 4, 11, 13.)

### D.     Defendant Renadette's Objection to the Report-Recommendation

Generally, in his Objection, Defendant Renadette asserts the following two arguments: (1) there is no admissible evidence in the record from which a rational fact-finder could conclude that Defendant Renadette knew or should have known, before he left Plaintiff alone with Defendant Silver, that Defendant Silver was going to sexually assault Plaintiff; and (2) there is no admissible evidence in the record from which a rational fact-finder could conclude that Defendant Renadette knew or should have known, after he resumed escorting Plaintiff, that Defendant Silver had sexually assaulted Plaintiff, because (a) after the alleged assault Plaintiff acted as if everything was normal, and (b) it is entirely speculative to conclude from Defendant Renadette's comment to Defendant Menard that Renadette knew that Plaintiff had been subjected to anything more than a verbal threat. (Dkt. No. 48.)

Plaintiff did not submit an Objection to the Report-Recommendation, and the time in which to do so has expired.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

### B. Standard of Review Governing Motions for Summary Judgment

Magistrate Judge Homer accurately recites the legal standard governing motions for summary judgment. (Dkt. No. 46, at 5-6.) As a result, that well-known standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

### III. ANALYSIS

#### A. Those Portions of the Report-Recommendation *Not* Regarding Plaintiff's Claims Against Defendant Renadette

Because Plaintiff did not object to Magistrate Judge Homer's recommendations regarding Plaintiff's claims against Defendants Artus, Menard and "John Doe," and his state law claims against Defendant Renadette, those recommendations are reviewed only for clear error. After carefully considering all the papers in the action, the Court finds that those recommendations are free of any clear error, for the reasons stated by Magistrate Judge Homer. The Court would add only four brief points.

First, these portions of Magistrate Judge Homer's thorough and correct Report-Recommendation would survive even a *de novo* review.

Second, the above-described claims in Plaintiff's Complaint are dismissed on the alternative ground that Plaintiff failed to submit a proper Rule 7.1 Response (i.e., admitting or denying each of the factual assertions contained in Defendants' Rule 7.1 Statement in matching numbered paragraphs, supported by accurate record citations). (*Compare* Dkt. No. 43, Attach. 1 [Defs.' Rule 7.1 Statement] *with* Dkt. No. 45, at 1 [Plf.'s "Statement of Disputed Factual Issues"].) The Court notes that Plaintiff received adequate advanced notice of his need to do so. (Dkt. No. 43, Attach. 9 ["Notification of the Consequences of Failing to Respond to a Summary

Judgment Motion."].)[7] Apparently understanding the need to do file a proper response to Defendants' motion, Plaintiff requested, and was granted, an extension of the response deadline. (Dkt. No. 44; Text Order filed May 4, 2011.)

Third, Plaintiff's state law claims and claims against Defendant "John Doe" are dismissed on the alternative ground that, in his response papers, Plaintiff failed to respond to Defendants arguments that (1) the Court does not possess subject-matter jurisdiction over Plaintiff's state law claims under New York Correction Law § 24 and the doctrine of standing, and (2) Defendant "John Doe" should be dismissed from this action without prejudice, because Plaintiff has failed to name or serve that Defendant. When a party opposing a motion for summary judgment fails to respond to an argument contained in the motion, the moving party's burden with respect to that argument is lightened such that, in order to succeed, the argument need only have facial merit. *Rescuecom Corp. v. Chumley*, 07-CV-0690, 2011 WL 2791272, at *3 & n.4 (N.D.N.Y. July 14, 2011) (Suddaby, J.) (collecting authorities). Here, the Court finds that, at the very least, Plaintiff has met its lightened burden with respect to the two above-described arguments. (Indeed, the Court would find that Plaintiff has met its burden even if the Court were to subject Plaintiff's arguments to the more rigorous scrutiny appropriate for contested arguments.)

Fourth, and finally, while certain of Defendants' arguments vacillate between Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, the Court's decision hinges on Fed. R. Civ. P. 56,

---

[7] *See also* N.D.N.Y. 7.1(a)(3) (a copy of which was on file in Plaintiff's correctional facility during the time in question); Northern District's *Pro Se* Handbook, at 41 (a copy of which was on file in Plaintiff's correctional facility during the time in question); *Goodson v. Evans*, 04-CV-6394, Decision and Order (S.D.N.Y. filed July 18, 2006) (Larimer, J.) (dismissing plaintiff's *pro se* prisoner civil rights complaint, in large part because he failed to respond to defendants' motion for summary judgment despite having received notice of the consequences of failing to do so).

because it is based on the admissible record evidence that has been adduced by the parties (including Plaintiff's verified Complaint). Even if the Court were to base its decision on Fed. R. Civ. P. 12(b)(6), it would still dismiss Plaintiff's above-described claims with prejudice, given its conclusion that any amendment would be futile, given the substantive nature of the pleading defects in Plaintiff's detailed (but simply non-actionable) claims.

For all of these reasons, the above-described portions of Magistrate Judge Homer's Report-Recommendation are accepted and adopted, and the claims discussed in them are dismissed with prejudice (except for Plaintiff's claims against the Defendant "John Doe," which are dismissed without prejudice).

### B. Those Portions of the Report-Recommendation Regarding Plaintiff's Claims Against Defendant Renadette

Because Defendant Renadette's Objection was sufficiently specific, the Court conducts a *de novo* review of Magistrate Judge Homer's recommendations regarding Plaintiff's claims against Defendant Renadette. After carefully considering all the papers in the action, the Court finds that those recommendations are correct in all respects, for the reasons stated by Magistrate Judge Homer. The Court would add only three brief points.

First, Plaintiff's failure to submit a proper Rule 7.1 Response does not also result in the dismissal of Plaintiff's federal claims against Defendant Renadette, because the Court cannot turn a blind eye to the rather-obvious admissible record evidence that exists creating a genuine dispute of material fact with regard to Plaintiff's federal claims against Defendant Renadette.

Second, the Court notes that, among the record evidence that creates a genuine dispute of material fact with regard to Plaintiff's federal claims against Defendant Renadette is Plaintiff's verified (and notarized) Complaint, which carries the force and effect of an affidavit, for

purposes of a motion for summary judgment.[8]

Third, and finally, another piece of record evidence that creates such a genuine dispute of material fact are those portions of Plaintiff's deposition transcript and verified Complaint in which he indicated that, when Defendant Menard physically threatened Plaintiff for exposing himself to a nurse practitioner, not only did Defendant Renadette hear Menard but Defendant Silver also heard Menard. (Dkt. No. 43, Attach. 3, at 49-50 [attaching pages "48" and "49" of Plf.'s Dep. Tr.]; Dkt. No. 1, at 12-13.) As a result, it would be entirely rational for a fact-finder to conclude that Defendant Renadette had reason to know that Plaintiff would be subjected to something more than a verbal threat from Defendant Silver in the bathroom. (Furthermore, the fact that Defendant Silver wanted to be alone with Plaintiff in a bathroom appears to undermine a conclusion that Silver merely wanted to verbally threaten Plaintiff.)

### C. Other Claims

Plaintiff's state law claims against Defendant Silver are *sua sponte* dismissed with prejudice for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) for the reasons offered by Defendants (regarding Plaintiff's state law claims against Defendants Artus, Menard and Renadette) in their memorandum of law. (Dkt. No. 43, Attach. 5, at 11-13 [attaching pages "9" through "11" of Defs.' Memo. of Law].)

Finally, it appears probable to the Court that Plaintiff's request for an injunctive relief (i.e., an Order "enjoining defendants . . . from retaliating against plaintiff for bringing this

---

[8] Generally, a verified complaint filed by a plaintiff has the force and effect of an affidavit. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.").

action") is moot for two reasons: (1) after filing this action, he was transferred away from Defendants, to another correctional facility (i.e., Great Meadow Correctional Facility); and (2) the injunction he requests is an Order prohibiting Defendants from doing what the law already prohibits them from doing. However, because Defendants did not move on Plaintiff's request for injunctive relief, the Court will not address it *sua sponte* in this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 46) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **GRANTED in part**, and **DENIED in part**, in the following respects:

(1) all of Plaintiff's claims against Defendants Artus and Menard are **DISMISSED with prejudice**;

(2) all of Plaintiff's claims against Defendant "John Doe" are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m) and Local Rule 4.1(b) of the Local Rules of Practice for this Court;

(3) Plaintiff's state law claims against Defendant Renadette are **DISMISSED with prejudice**;

(4) Plaintiff's state law claims against Defendant Silver are *sua sponte* **DISMISSED with prejudice** for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3); and

(5) Plaintiff's following claims **SURVIVE** Defendants' motion for summary judgment:

    (a) Plaintiff's Eighth Amendment claim and 42 U.S.C. § 1983 conspiracy claim against Defendant Renadette; and

    (b) Plaintiff's Eighth Amendment claim and 42 U.S.C. § 1983 conspiracy claim against Defendant Silver; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a pretrial conference <u>with counsel</u> will be scheduled in this action, at which time the Court will schedule a date certain for jury trial on Plaintiff's Eighth Amendment claims and 42 U.S.C. §1983 conspiracy claims against Defendant Renadette and Defendant Silver. Counsel are directed to appear at the final pretrial conference with settlement authority from the parties.

Dated: March 27, 2012
   Syracuse, New York

*(signature)*
Hon. Glenn T. Suddaby
U.S. District Judge